AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Louisiana |
|---|---|

Name (under which you were convicted): **Deadra A. James**

Docket or Case No.: **510884  515214  516272**

Place of Confinement: **1005 W. Green Street Tallulah LA 71282 Lousiana Transitional Center for Women**

Prisoner No.: **DOC# 243768**

Petitioner (include the name under which you were convicted)

**Deadra A. James**

Respondent (authorized person having custody of petitioner)

v. **Warden Deville Sheriff Larry Cox**

The Attorney General of the State of

**15 - 3903**

**SECT. N MAG 1**

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

**St. Tammany Parish 22ND**

(b) Criminal docket or case number (if you know): **510 884  515214  516272**

2.   (a) Date of the judgment of conviction (if you know): **March 19, 2012**

(b) Date of sentencing: **March 19 2012**

3.   Length of sentence: **5 Years at hard Labor on each Count 515214 516272**
**10 Year at Hard labor Under ACT 15: 529.1 510884-1**

4.   In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No
**2 Counts of theft 14:67**

**TENDERED FOR FILING**

5.   Identify all crimes of which you were convicted and sentenced in this case:

**510,884-1**
**516272  theft**
**515214  theft**

**AUG 2 8 2015**

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

6.   (a) What was your plea? (Check one)

☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty            ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

NA

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: 22nd JDC - State of Louisiana Court of Appeal

(b) Docket or case number (if you know): 510884 515214 516272

(c) Result: Denied

(d) Date of result (if you know): 2|28|14

(e) Citation to the case (if you know): Ineffective assistance of Counsel

(f) Grounds raised:                  Sentenced UNConstitutional

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: State of Louisiana

(2) Docket or case number (if you know): 510884  515214  516272

(3) Result: Denizl

(4) Date of result (if you know): 8-8-2014

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know):

(6) Grounds raised: UNConstitutl Sentence
Ineffective Assistance

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☑ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): 510884 515214 516272

(2) Result: Denizl

(3) Date of result (if you know): 8-4-2015

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?   ☐ Yes   ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: State of Louisiana 1st Circuit Court

(2) Docket or case number (if you know): 510884  515214  516272

(3) Date of filing (if you know): 2014 KW-0244

(4) Nature of the proceeding: Writ of Review or Certiorari
Writ of Certiorari

(5) Grounds raised: UNConstitional Hearing
ineffective Counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AG 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes      ☑   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)   First petition:      ☑   Yes      ☐   No

(2)   Second petition:   ☑   Yes      ☐   No

(3)   Third petition:     ☑   Yes      ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**   Sentenced is unconstitutional

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner entered a guilty plea based upon a promise of receiving "good time" which has not been satisfied, therefore guilty plea is unconstitutional. The records show that during plea colloquy, the trial court informed defendant she would receive "good time" as well as credit for time serve. This agreement was not maintained and has directly effect the length of defendants incarceration.

(b) If you did not exhaust your state remedies on Ground One, explain why:

All remedies have been exhausted.

AO 241
(Rev. 10/07)

(c)     **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☑ Yes   ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: Post Conviction relief

      Name and location of the court where the motion or petition was filed:
      ST Tammy Parish 22ND JDC POB 1090 Covington, LA 70434

      Docket or case number (if you know): 510884 515214 516272

      Date of the court's decision: 10-26-13

      Result (attach a copy of the court's opinion or order, if available):
      Attached Copy


      (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

      (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:


      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):


      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

Page 8

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: N/A

GROUND TWO: In effective Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was advised by my attorney to accept the deal. Attorney also advised me I would spend less than four year incarcerated. At no time was a Habitual Bill mention as part of plea agreement.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:    Louisiana

Type of motion or petition:

Name and location of the court where the motion or petition was filed:  22nd JDC District Court
701 North Columbia Street  Covington, LA 70433

Docket or case number (if you know):  515 214 516 272 510 884

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  Attached

(3) Did you receive a hearing on your motion or petition?            ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(c)      Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
         have used to exhaust your state remedies on Ground Two   NA

**GROUND THREE:**   N|A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?   N/A

All Remedies exhausted

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**     N | A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:    N/A

AO 241
(Rev. 10/07)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

No

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 10/07)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Roy K Burns Jr
404 E Gibson Street

(b) At arraignment and plea:   Covington LA. 70434
Same As Above

(c) At trial:   N/A

(d) At sentencing:   Same As Above

(e) On appeal:   None

(f) In any post-conviction proceeding:   None

(g) On appeal from any ruling against you in a post-conviction proceeding:   None

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Within time limitations of Law

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

     (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

          (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.



# *Malise Prieto*

### Clerk of Court
### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

October 24, 2013

DEADRA A JAMES, DOC #243768
1005 WEST GREEN STREET
TALLULAH, LA 71282

                                DIVISION F
                                Re:     State of La.     *Denied*
                                             Vs. #510884-1
                                             DEADRA ANN JAMES

Dear Sir/Madam:

Enclosed, please find a certified copy of your Application for Post Conviction Relief in the above captioend matter which Judge Martin E. Coady has denied.

                                     Yours very truly,

                                     *Mandy D Rivers*

                                     MANDY D. RIVERS
                                     Deputy Clerk

## UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

DEADRA A. JAMES

1005 WEST GREEN STREET

TALLULAH, LA 71282

DOCKET NO.(S): 510,884;  515,214;  516,272;  F

22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY

VS.

LARRY COX

CUSTODIAN (Warden, Jailor, etc.)

MADISON PARISH
STATE OF LOUISIANA

FILED

SEP 3 0 2013

**PLEASE SERVE:**

**Custodian** and **Larry Cox(Applicant), & Harold Bartholomew (Assistant District Attorney for St. Tammany Parish, 22nd JDC, State of Louisiana).**

### INSTRUCTIONS- READ CAREFULLY.

1.  This application must be legibly written or typed, signed by the applicant and sworn to before a notary public or institutional officer authorized to administer an oath.  Any false statement of a material fact may serve as the basis for a criminal prosecution.  All questions must be answered concisely in the proper space on the form.  Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief.  No citation of authorities or legal arguments are necessary.

2.  Only one judgment may be challenged in a single application except that convictions on multiple counts of a single indictment or information may be challenged in one application.

3.  YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE APPLICATION.

4.  When the application is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

5.  You must attach a copy of the court order sentencing you to custody.  You may obtain a copy of that order from the clerk of the district court of the parish where you were sentenced or from the institution where you are confined.  If a copy of the court order is not attached you must allege what steps were taken in an effort to obtain the order.

6.  Applications which do not conform to these instructions will be returned with a notation as to the deficiency.

### APPLICATION

1.  Name and location of court which entered the judgment of conviction challenged.
    22nd Judicial District Court; St. Tammany Parish, State of Louisiana

2.  Date of Judgment of Conviction: March 19th 2012

3.  Length of sentence: Docket No. 510,884-10 years at hard labor, under Act. 15:529.1; Docket No. 515,214- 5 years at hard labor; Docket No. 516,272- (2 Counts 14:67 and 40:967C) 5 years at hard labor on each count;

4.  Nature of offense involved (all counts): Docket No. 510,884- 14:67(Theft); Docket No.

MALISE PRIETO
CLERK OF COURT

2013 SEP 30 P 1:28

ST TAMMANY PARISH
STATE OF LOUISIANA
FILED FOR RECORD

515,214- 14:67(Theft); Docket No. 516,272- 14:67(Theft) and 40:967C(Possession of Cocaine);

5.. What was your plea? (Check one)

(X) Guilty      ( ) Not Guilty          ( ) Not guilty by reason of insanity

If you entered a guilty plea to one or more counts and not guilty to other counts, give details:
Plead Guilty to all Counts.

Name and address of the lawyer representing you at your plea (if you had no lawyer, please indicate).

Roy K. Burns, Jr.
404 E. Gibson Street
Covington, LA 70434

Was the lawyer (check one)   Appointed (X) or Hired ( )?

6. Kind of trial: (check one) Jury ( )      Judge only ( ) N/A
7. Name and address of the lawyer representing you at your trial.
_____N/A_____

Was the lawyer (check one) Appointed ( ) or Hired ( )? N/A
8. Did you testify at the trial? (Check one) ( ) Yes or ( ) No N/A
9. Give the names and address of the lawyers who represented you during sentencing:
_____N/A_____

10. Did you appeal from the judgment of conviction? (Check one) ( ) Yes or (X) No
11. If you did appeal, give the following information:

a. Citation, docket number, and date of written opinion by the Appeal Court (if known); _____
_____

b. Name and address of lawyer representing you on appeal:
_____
_____

c. Was the lawyer (check one)  appointed ( ) or hired ( )?

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed and application for post-conviction relief with respect to this judgment in any state or federal court?  Yes ( ) No (X )

13. If your answer to 12 is "yes", give the following information:

1a. Name of court _____
1b. Nature of proceeding _____
_____
1c. Claims raised _____
_____
_____
1d. Did you receive an evidentiary hearing on your application?  Yes ( ) No ( )
1e. Was relief granted or denied? _____
1f. Date of disposition _____
1g. Citation of opinion (if known) _____
1h. Name and address of lawyer representing you (if none, so state) _____

## CLAIM 2

Claim: Ineffective Counsel

a.      Supporting FACTS (tell your story briefly without citing cases or law):

The Attorney appointed discussed the plea agreement with defendant and at no time was there every mention of a Habitual Bill being filed. I was advised to take the deal because with credits I would so less than 4 years.

b.      List names and address of witnesses who could testify in support of your claim.  If you cannot do so, explain why:
        I T WAS MYSELF AND MY Attorney present.

c.      If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:

I was told that it would not change anything to my plea agreement. I was appointed a Ineffective counsel and promised "good time" that I am not receiving in the Department of Corrections.

## CLAIM 3

Claim: _____
_____
_____

a.      Supporting FACTS (tell your story briefly without citing cases or law):
        _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

b.      List names and address of witnesses who could testify in support of your claim.  If you cannot do so, explain why: _____
_____
_____
_____

c.      If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:

1i.  Was the lawyer appointed ( ) or hired ( )?
2.   As to any second application give the same information?
2a.  Name of court _____
2b.  Nature of proceeding _____

2c.  Claims raised _____
     _____
     _____

2d.  Did you receive an evidentiary hearing on your application?  Yes ( ) No ( )
2e.  Was relief granted or denied?
     _____
2f.  Date of disposition _____
2g.  Citation of opinion (if known) _____
2h.  Name and address of lawyer representing you (if none, so state) _____
     _____
2i.  Was the lawyer appointed ( ) or hired ( )?
3.   Have you filed any other application for post conviction relief with respect to the
     challenged conviction? Yes ( ) No ( )
     If "yes", set forth the details (as above) on separate paper and attach.
3a.  Did you appeal or seek writs from the denial of any post-conviction application?
3b.  First application, etc. Yes ( ) No ( )
3c.  Second application, etc. Yes ( ) No ( )
3d.  If you did not appeal or seek writs from the denial of any post-conviction
     application, explain briefly why you did not:
     _____
3e.  Name of the lawyer who represented you on appeal from the denial of any post-
     conviction application (if none, so state):
     1.   First application:
     _____
     2.   Second application: _____

### CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully.  If necessary, you may
attach extra pages stating additional claims and supporting facts.  Do not argue points of law.
The following is a list of those claims, and only those claims, that may provide, that may provide you
with grounds for relief.

1.   Your conviction was obtained in violation of the constitution of the United States or
     the State of Louisiana;
2.   The court exceeded its jurisdiction;
3.   Your conviction or sentence subjected you to double jeopardy;
4.   The limitations on prosecution had expired;
5.   The statute creating the offense for which you were convicted and sentenced is
     unconstitutional; and
5.   The conviction or sentence constitute the ex post facto application of law in violation
     of the Constitution of the United States of the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FROM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

1. Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.
2. Any claim which you had knowledge and inexcusable failed to raise in the proceeding leading to conviction may be denied by the court.
3. Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.
4. A successive application may be dismissed if it fails to raise a new or different claim.
5. A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims in the proceeding leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

## CLAIM 1

Claim: Sentenced is unconstitutional

a.   Supporting FACTS (tell your story briefly without citing cases or law):

The petitioner entered a guilty plea based upon the promise of receiving "good time", which has not been satisfied, so her guilty plea was constitutionally infirm. The record demonstrates that during the plea colloquy, the trial court informed the defendant that she would receive "good time" as well as credit for time served, despite defendant's ineligibility to receive "good time". Because the availability of "good time" directly affects the length of defendant's incarceration, and because the trial court induced a justifiable belief by defendant that "good time" was available, the defendant's guilty plea was involuntary. A guilty plea is constitutionally infirm when a defendant is induced to enter a plea by a plea bargain or by what he justifiably believed was a plea bargain, and that bargain is not kept.

c.   If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:

As you can clearly see in my Boykin transcripts I was never given an opportunity to ask questions, furthermore I was never asked had I been coerced or promised or intimidated to accept the plea.

_____
_____
_____
_____

You may attach additional pages setting forth the required information (above) if additional claims are asserted.

A.   Do you have in a state or federal court any petition or appeal now pending as to the judgment challenged?  Yes ( ) No (X ) If "yes", name the court:

_____

B.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged?  Yes ( ) No ( X)
  1.   If "yes", give name and location of court which imposed sentence to be served in the future: _____
  2.   Give date and length of sentence to be served in the future: _____
  3.   Have you filed, or do contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  Yes ( ) No ( )
C.   If a copy of the court order sentencing you to custody is not attached, explain why: ____
_____
_____

WHEREFORE, PETITIONER PRAYS that this Honorable Court grant petitioner relief

to which he may be entitled.

RESPECTFULLY SUBMITTED BY:

_September 24, 2013_
DATE

_Deadra James_
DEADRA JAMES, DOC# 243768
1005 WEST GREEN STREET
TALLULAH, LA   71282

10-23-13

A CERTIFIED TRUE COPY
Witness my signature and seal of office.
Attested by:
DY. CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA



Office Of The Clerk
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

June 02, 2014

Docket Number: 2014 - KW - 0244

State Of Louisiana
    versus
Deadra James

TO:   Deadra A. James
      L.T.C.W.
      1005 West Green Street
      Tallulah, La 71282

      Hon. Walter P. Reed
      St. Tammany Parish
      701 North Columbia St.
      Covington, LA 70433

      Hon. Martin E. Coady
      701 North Columbia Street
      Room 3006
      Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DEADRA JAMES

NO.   2014 KW 0244

JUN 0 2 2014

---

In Re:   Deadra James, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, Nos. 515,214 and 516,272.

---

**BEFORE:   PARRO, GUIDRY, AND DRAKE, JJ.**

**WRIT DENIED.**

JMG
EGD
RHP

✗ Notice, Docket # 510884-1 is not listed

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT

# The Supreme Court of the State of Louisiana

**STATE EX REL. DEADRA JAMES**

NO.   2014-KH-1667

**VS.**

**STATE OF LOUISIANA**

- - - - - -

IN RE:  James, Deadra; - Plaintiff; Applying For Supervisory and/or
Remedial Writs, Parish of St. Tammany,  22nd Judicial District Court
Div. F, Nos. 515214/5, 516272/3; to the Court of Appeal, First
Circuit, No. 2014 KW 0244;

- - - - - -

**July 31, 2015**

Denied.

> JTK
>
> JLW
>
> GGG
>
> MRC
>
> JDH
>
> SJC

\* Notice Docket # 510884-1 is not listed

Supreme Court of Louisiana
July 31,2015

*Katie Margaronic*

**Second Deputy**        Clerk of Court
For the Court

-9-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING

NOTICE OF INTENT TO APPLY FOR WRIT OF REVIEW , HAS BEEN MAILED TO

Assistant District Attorney

Office at 701 North Columbia Street, 5th Floor, Covington,  LA 70433; 1st Circuit

Court of Louisiana, 1600 North 3rd Street, Baton Rouge, LA 70821-4408; State of

Louisiana Supreme Court, 400 Royal Street, New Orleans, LA 70130-2104 and

postage prepaid on this ___1st___ day of ___August___, 2014.

_____
Deadra James

_____
Notary Public

Marjorie Day, Notary Public
09/572

_____
Witness

_____
Witness

Deadra A. James #6/9/3/243762
L.T.C.W. Montana B-6
1005 West Green Street
Tallulah, La. 71282

Legal
Mail

Clerk's Service
U.S. District Court
Eastern District of Louisiana
New Orleans, Louisiana
70130