## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEADRA A. JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3903** |
| **WARDEN DEVILLE** | **SECTION: "N"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Deadra A. James, a state prisoner, is incarcerated at the Louisiana Transitional Center for Women in Tallulah, Louisiana.  On March 19, 2012, she pleaded guilty to six offenses and was sentenced as follows:  three counts of felony theft, sentenced to five years imprisonment on each count; two counts of misdemeanor theft, sentenced to six months imprisonment on each count; and one count of possession of cocaine, sentenced to five years imprisonment.  It was ordered that the sentences be served concurrently.  On that same date, she also pleaded guilty to being a third offender and was resentenced as such with respect to one of the felony theft

convictions to a term of ten years imprisonment without benefit of probation or suspension of sentence.[1]

On or after May 18, 2012, petitioner filed with the state district court a motion for clarification of sentence.[2]  On May 31, 2012, that motion was granted to the extent that the sentence was clarified to include a recommendation that she enroll in a substance abuse program and a "life principles" program.[3]

In the interim, on May 30, 2012, petitioner, through counsel, filed another motion for amendment of her sentence to include intensive drug treatment.[4]  On June 26, 2012, that motion was granted.[5]

On or about October 8, 2012, petitioner filed with the state district court a motion for transcripts.[6]  That motion was granted on October 15, 2012.[7]

On or about March 4, 2013, petitioner filed with the state district court a motion for production of documents.[8]  That motion was granted on March 7, 2013.[9]

On or after September 24, 2013, petitioner filed with the state district court an application for post-conviction relief, which was denied on October 1 and 23, 2013.[10]  Her related writ

---

[1] State Rec., Vol. 1 of 5, transcript of March 19, 2012.
[2] State Rec., Vol. 3 of 5.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the *pro se* filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.
[3] State Rec., Vol. 3 of 5, Order dated May 31, 2012.
[4] State Rec., Vol. 1 of 5.
[5] State Rec., Vol. 1 of 5, minute entry dated June 26, 2012.
[6] State Rec., Vol. 1 of 5.
[7] State Rec., Vol. 1 of 5, Order dated October 15, 2012.
[8] State Rec., Vol. 1 of 5.
[9] State Rec., Vol. 1 of 5, Order dated March 7, 2013.
[10] State Rec., Vol. 1 of 5.

applications were likewise denied by the Louisiana First Circuit Court of Appeal on June 2, 2014,[11] and by the Louisiana Supreme Court on July 31, 2015.[12]

On or after May 14, 2014, petitioner filed with the state district court a motion for clarification of sentence.[13]  On May 30, 2014, that motion was granted to the limited extent that the sentence was clarified to include a recommendation that she participate in a vocational program in jail.[14]

On or after March 26, 2015, petitioner filed with the state district court a "Motion to Review and/or Modification of Original Sentence Imposed," which was denied on March 31, 2015.[15]

On or about August 20, 2015, petitioner filed with the state district court another motion for amendment or modification of sentence, which was denied on September 3, 2015.[16]

In the interim, on or about August 26, 2015, petitioner filed the instant federal application seeking *habeas corpus* relief.[17]  The state argues that the application should be denied as untimely.[18]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her

---

[11] State v. James, No. 2014 KW 0244 (La. App. 1st Cir. June 2, 2014); State Rec., Vol. 4 of 5.
[12] State *ex rel.* James v. State, No. 2014-KH-1667, 2015 WL 4877798 (La. July 31, 2015); State Rec., Vol. 5 of 5.
[13] State Rec., Vol. 1 of 5.
[14] State Rec., Vol. 1 of 5, Order dated May 30, 2014.
[15] State Rec., Vol. 1 of 5.
[16] State Rec., Vol. 1 of 5.
[17] Rec. Doc. 5.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  That date is not apparent from the face of petitioner's application; however, the application was mailed to the Court in an envelope postmarked on August 26, 2015.
[18] Rec. Doc. 11.

underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[19]  On that point, the

United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).   When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on March 19, 2012.  Because she

did not file a direct appeal within the time allowed by state law, her convictions and sentences

became final no later than April 18, 2012.[20]  Accordingly, her period for filing her federal

application for *habeas corpus* relief commenced on that date and then expired one year later, unless

that deadline was extended through tolling.

---

[19] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[20] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal her conviction or sentence.  La. Code Crim. P. 914.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

After twenty-nine (29) days elapsed, petitioner tolled her federal limitations period by filing her *pro se* motion for clarification of sentence with the state district court on May 18, 2012.  As noted, that motion was granted on May 31, 2012, to the extent that the sentence was clarified to include a recommendation that she enroll in a substance abuse program and a "life principles" program.  However, in the interim, petitioner, through counsel, had filed another motion for amendment of her sentence to include intensive drug treatment on May 30, 2012.  That motion was granted on June 26, 2012, and the motion therefore ceased to be "pending" for AEDPA purposes no later than July 26, 2012, when her time expired for seeking further review.  See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (a state application ceases to be pending when the time for supervisory review expires). [21]

When petitioner's limitations period then resumed running at that point, she had three hundred thirty-six (336) days remaining.  Therefore, she had until June 27, 2013, to either file her federal application or again toll the limitations period.

---

[21] A litigant has thirty days to seek review by a Louisiana Court of Appeal.  See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007).

 It is response, the state argues that petitioner was not entitled to seek supervisory review of the rulings on these two motions because she was *granted relief* on the motions.  Therefore, the state opines that the motions ceased to be "pending" for AEDPA purposes as of the date the rulings were issued, not thirty days later.  Although that may well be accurate, the state cites no authority for that argument.  Moreover, petitioner's federal application is untimely in either event.  Therefore, out of an abundance of caution, the undersigned will simply assume for the purposes of this decision that the applications remained "pending" for federal tolling purposes, and the federal limitations period therefore remained tolled, until the period for seeking supervisory review expired.

Petitioner had no other state applications for post-conviction or other collateral review pending before the state courts at any time on or before June 27, 2013. Therefore, she clearly is not entitled to further statutory tolling.[22]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that she is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[22] Petitioner's only state court filings during that period were her motions seeking transcripts and other documents. However, such applications are not considered an applications "for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

   Further, although she subsequently filed post-conviction motions and applications, it is clear that such filings after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

Lastly, the Court also notes that the United States Supreme Court has held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note:  "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995).  By entering her unconditional pleas, petitioner has already conceded under oath that she in fact committed and was guilty of the crimes of which she stands convicted.  Moreover, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear, [23] petitioner does not invoke McQuiggin and, in any event, has not made a colorable showing that she is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because she has not established that she is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, her federal application for *habeas corpus* relief had to be filed no later than June 27, 2013, in order to be timely.  Her federal application was not filed until on or about August 26, 2015, and, therefore, it is untimely.

---

[23] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty.  See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013).

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application for habeas corpus relied filed by Deadra A. James be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this fourth day of November, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.